# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REDA MALEK ATTIA,<br><br>              Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>              Defendant. | 3:15-cv-00080-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#8), which plaintiff opposed (#10) and to which defendant replied (#11). For the following reasons, the court recommends that the motion be denied.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Reda Malek Attia ("plaintiff") is a claimant for Social Security benefits. She applied for Social Security Disability Insurance ("SSDI") and was denied in the first instance, and again upon reconsideration, sometime during 2013. (#1 at 3.) On November 21, 2014, the Appeals Council denied her request for review of the Administrative Law Judge's ("ALJ") decision. (#8-1 at 1.) The ALJ's decision then became the final decision of the Commissioner ("defendant"). (*Id*.) Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant, alleging that the ALJ improperly denied her disability classification and benefits. (#1 at 4.) She contends that the "ALJ refused to consider the facts and medical reports" in a proper manner and "displayed an improper attitude and disbelief of her statements." (*Id.*) On May 19, 2015, defendant filed a motion to dismiss for lack of subject matter jurisdiction and also on the basis that plaintiff's claim is precluded under the Social Security Act ("the Act"). (#8 at 5.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b) provides several bases to move for dismissal of a plaintiff's complaint, two of which are relevant here. First, FRCP 12(b)(1) allows for dismissal based upon lack of subject matter jurisdiction. Federal courts are of limited jurisdiction, and a plaintiff suing in federal court must allege and establish that the case is properly before the court. *See K2 Am. Corp. v. Roland Oil & Gas*, 653 F. 3d 1024, 1027 (9th Cir. 2011) (internal quotation marks omitted). The United States, as a sovereign entity, may not be sued without its expressed consent. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). "The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (internal quotation marks omitted). Therefore, where it has not consented to the suit, the action must be dismissed for lack of subject matter jurisdiction. *See Elias v. Connett*, 908 F. 2d 521, 527 (9th Cir. 1990).

Under FRCP 12(b)(6), the court dismisses a complaint when the plaintiff fails to state a claim upon which relief can be granted. When analyzing this motion, factual allegations, but not legal conclusions, are to be accepted as true, and the complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint need not have "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the complaint must "raise a right to relief above the speculative level" and provide more than "a formulaic recitation of the elements of a cause of action." *Id.* The allegations are construed in "a light most favorable to the plaintiff." *Chubb Custom Ins. Co. v. Space Sys.*, 710 F.3d 946, 956 (9th Cir. 2013). Further, the court applies a less stringent standard when reviewing the pleadings of a *pro se* party as opposed to a party represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## III.     DISCUSSION

Defendant argues for dismissal on two grounds: (1) lack of subject matter jurisdiction and (2) failure to state a claim upon which relief can be granted. (#8 at 5.) The court analyzes each argument below.

### A. Lack of Subject Matter Jurisdiction

Defendant argues that since "the United States, including its agencies and employees," has not expressly waived its sovereign immunity, this court lacks subject matter jurisdiction. (#8 at 3.) She claims that plaintiff's "true basis for subject matter jurisdiction" is 42 U.S.C. § 405(g) for denial of benefits, yet plaintiff asserts jurisdiction under 42 U.S.C. § 1983. (*Id.* at 5.) Under the Act, sovereign immunity is only waived for "judicial review of [defendant's] final decision." (*Id.* at 6.) Therefore, defendant contends that the claim should be dismissed because subject matter jurisdiction is lacking without a properly styled claim. (*Id.*) Plaintiff opposed the motion by claiming her civil rights were violated due to the application's format, which prevented her from providing explanations. (#10 at 1-3.)

Since the court must construe a *pro se* complaint liberally, it contemplates alternative constructions of the complaint. *Hebbe*, 627 F.3d at 341-42. Although, plaintiff did not explicitly state "judicial review," or cite 42 U.S.C. §405(g), she plainly expressed that she wanted a "complete and proper review." (#1-1 at 9.) In her motion, defendant recognizes that a "liberal reading of plaintiff's claim indicates that [she] seeks judicial review of the [defendant's] decision." (#8 at 5.) Therefore, characterizing the complaint as seeking judicial review under 42 U.S.C. § 405(g) would remedy the issue. (*Id.* at 6-7.) Accordingly, the court reads the complaint as seeking "judicial review" pursuant to 42 U.S.C. § 405(g) and recommends that the motion to dismiss on the basis of subject matter jurisdiction be denied.

### B. Failure to State an Actionable Claim for Relief

#### 1. Improper Filing

Defendant next moves for dismissal because plaintiff failed to state a claim upon which relief can be granted. (#8 at 5.) She acknowledges that plaintiff likely intended to "seek reversal of [defendant's] final decision." (*Id.* at 5.) However, as described, plaintiff improperly filed a civil rights claim pursuant to 42 U.S.C. § 1983. (*Id.*) Because the Act allows parties to file suit only for judicial review and precludes all other types of claims that may arise under it, *see* 42 U.S.C. § 405(h), defendant contends that plaintiff's § 1983 claim fails as a matter of law. (#8 at

1  7.). Plaintiff opposes on the basis that her rights were violated and seeks a reversal of the
2  defendant's decision because it was "unfair." (#10 at 5-6.)
3      As the court stated above, the record establishes that plaintiff seeks judicial review of the
4  defendant's final decision, notwithstanding her styling of the claim as one under § 1983.
5  Because the court recommends construing the claim as one under 42 U.S.C. § 405 (g), the claim
6  is not barred by the Act. Accordingly, the court recommends that the motion to dismiss be
7  denied.
8      **2.    Untimely Filing**
9      Defendant finally moves for dismissal for untimeliness. (#8 at 7.) Claimants may seek a
10 review of defendant's decision, but the complaint must be filed within sixty days after the notice
11 of such decision is mailed. *Id.* Defendant's assumption is that the denial letter is received "5
12 days after the date on it," unless the party can show it was not received within those five days.
13 (#8-1 at 2.) The sixty-day period begins the day after the letter is received. (*Id.*) Defendant
14 claims that the denial letter was dated for November 21, 2014. (#8 at 7.) Therefore, she argues
15 that plaintiff had until January 25, 2015 to file a complaint. (*Id.*) However, plaintiff did not file
16 until March 14, 2015. (*Id.*) Thus, defendant contends that the complaint was untimely and
17 plaintiff is precluded from seeking relief. (*Id.*)
18     Plaintiff counters that her complaint was, in fact, filed before the statutory deadline. (#10
19 at 4.) She concedes that the notice was dated November 21, 2014, but claims that the envelope
20 was not postmarked until December 1, 2014. (*Id.* at 4, 14.) She argues that sixty days from the
21 postmarked date, plus the five-day presumption for receipt, places the filing deadline on February
22 4, 2015, the date she filed her complaint. (*Id.* at 4.) Therefore, she alleges that she is within the
23 statutory timeframe. (*Id.*) Defendant replied, acknowledging that if the copy of plaintiff's
24 postmarked envelope is "genuine, then the time to file her complaint would run on February 4,
25 2015." (#11 at 2.) Defendant agrees that plaintiff filed her complaint on February 4, 2015. (*Id.*)
26 Thus, she concedes that plaintiff's filing was likely timely. (*See id.*)
27     Plaintiff's opposition includes a copy of the envelope postmarked December 1, 2014.
28 (*See* #10 at 14.) Accordingly, under the statutory timeframe provided in 42 U.S.C. § 406(g), the

4

deadline for filing her complaint was February 4, 2015. Plaintiff's complaint was timely filed. Therefore, the court recommends that the motion to dismiss be denied.

### IV.   CONCLUSION

Rather than granting dismissal because of plaintiff's error in styling the action as a § 1983 claim, the court recommends construing the complaint, as defendant has recognized and plaintiff attempted to assert, as a claim for relief under 42 U.S.C. § 405(g). Judicial economy favors this course. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (requiring dismissal with leave to amend when the plaintiff can cure pleading deficiencies). Because defendant's timeliness argument lacks merit, the court further recommends that the motion to dismiss be denied. Finally, the court recommends granting defendant sixty days to review the administrative record and file an answer.

The parties are advised:

1.   Upon District Court's ruling on this Report and Recommendation, the court will enter a Scheduling Order with further instructions on how to proceed. The parties should carefully review the instructions contained within the Scheduling Order.

2.   Plaintiff will be required, as will be noted in the Scheduling Order, to file a motion for remand, in which it is necessary for plaintiff to specifically assert the bases for how ALJ erred.

3.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

4.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** that plaintiff's complaint be characterized as seeking judicial review of defendant's benefits determination pursuant to 42 U.S.C. § 405(g);

**IT IS FURTHER RECOMMENDED** that defendant's motion to dismiss (#8) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that defendant shall have sixty (60) days to file an answer.

**DATED**:  July 28, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**